Lenard E. Schwartzer
Nevada Bar No. 0399
Jeanette E. McPherson
Nevada Bar No. 5423
Jason A. Imes
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

Proposed Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**CAREFREE WILLOWS, LLC,**<br><br>                                              Debtor. | Case No. BK-S-10- 29932-MKN<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION PAYROLL**<br><br>Date:  OST REQUESTED<br>Time:  OST REQUESTED |

CAREFREE WILLOWS, LLC ("Carefree"), by and through its proposed counsel, Lenard E. Schwartzer, Esq. of the Schwartzer & McPherson Law Firm, moves this Court for an order authorizing Carefree to pay pre-petition payroll and wage claims and payroll tax obligations and to honor outstanding payroll checks.  This motion requests that payroll payments to employees be limited to $5,000, less than the amount entitled to priority under Bankruptcy Code § 507(a)(4).

### POINTS AND AUTHORITIES

#### Facts

1.      Carefree filed for relief under Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. §§ 1107(a) and 1108 on October 21, 2010 (the "Petition Date").

2.      Carefree continues to operate its business and manage its financial affairs as Debtor-in-Possession.

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

3.  Carefree is the owner of an existing 300 unit senior housing complex, located at 3250 S. Town Center Drive, Las Vegas, Nevada.

4.  The Debtor has employed personnel who work for Carefree ("Employees").

5.  As of the Petition Date, it is believed that the Employees were owed or had accrued sums for wages, salaries, and benefits incurred in the ordinary course of the Debtor's business for the payroll period beginning approximately two weeks before the filing of the petition (the "Wage and Related Obligations").  The current payroll period is October 10, 2010 through October 23, 2010 payable on October 29, 2010.

6.  The total estimated gross amount of Wage and Related Obligations that accrued, but remain unpaid as of the Petition Date is approximately $15,000.00.

7.  In addition to actual payroll, Carefree owes payroll taxes and workers compensation insurance premiums.

8.  In order for Carefree to continue to operate, to preserve the value of its business and maintain its assets, it is necessary that the Debtor retain its employees and, as importantly, maintain the morale of the employees.  Failure to compensate employees for their pre-petition salaries and commissions would have a negative impact on employees. Carefree could lose a significant portion of its workforce and would be unable to operate its business.

9.  Carefree believes that all of the Payroll Claims are entitled to priority under 11 U.S.C. § 507(a)(4)[1] with the combined total of Payroll Claims being less that the statutory priority of $10,000 per employee.  Carefree is not seeking to pay any individual employee wages in excess of $5,000.

10.  Carefree is required by law to withhold from the Employees' wage amounts related federal, state, and local income taxes, as well as social security and Medicare taxes and to remit the same to the appropriate taxing authorities.  Payment of employee benefits is entitled to priority under 11 U.S.C. § 507(a)(5). Payroll tax claims are also entitled to priority under 11 U.S.C. §

---

[1] As amended by §1401 of the Bankruptcy Reform Act of 2005.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

507(a)(8). Payment of the withholding taxes is required.  In addition, payment of quarterly taxes and benefits will avoid penalties.

### Memorandum of Law

Bankruptcy courts usually allow debtors in possession to pay pre-petition payroll obligations and honor employee benefit programs in the ordinary course of business as these courts recognize that it is necessary and appropriate in reorganization cases to maintain the debtor's workforce and their morale on the factual basis that retaining the workforce is critical to the debtor's rehabilitation.  *See, e.g. In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989).  The authorization to pay pre-petition wages and benefits is commonly authorized, especially when the amount of payment is relatively small and the wages being paid would ultimately qualify as priority claims.  *In re Gulf Air, Inc.,* 112 B.R. 152 (Bankr. W.D.La. 1989); *In re Sharon Steel*, 159 B.R. 730 (Bankr. W.D. Pa. 1993).

The analysis required to pay pre-petition claimants involves the exercise of the bankruptcy court's equitable powers which are limited by the express provisions of the Bankruptcy Code. The proper analysis was stated as follows:

> However, the power conferred by section 105(a) is one to implement rather than override the other provisions of the Bankruptcy Code.  *See In re Kmart Corporation*, 359 F.2d 866, 871 (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *In re Fesco Plastics Corp.*, 996 F.2d 152, 154 (7th Cir.1993)).
>
> In this case, the Debtor proposes to utilize section 363(b)(1) as implemented by section 105, to pay the Critical Vendors.  Section 363(b) provides that "[t]he trustee [or debtor in possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  As discussed in *Kmart*, "satisfaction of a pre-petition debt in order to keep 'critical' supplies flowing is a use of property other than in the ordinary course of administering an estate in bankruptcy."  *Kmart*, 359 F.3d at 872.  The practical justification of allowing payment of critical vendors under section 363 is the recognition that there are instances where vendors not paid for prior deliveries will refuse to make new ones.  In such cases, manufacturers (such as the Debtors in this case) that have a critical need for certain products will be unable to continue in business without the continued supply of those products.
>
> In such cases, even the disfavored creditors are better off by paying the critical vendors since the payments enable a successful reorganization.  As suggested in *Kmart*, this is "a use of § 363(b)(1) similar to the theory underlying a plan crammed down the throats of an impaired class of creditors: if the impaired

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

class does at least as well as it would have under a Chapter 7 liquidation, then it has no legitimate objection and cannot block the reorganization." *Kmart*, 259 F.3d at 872-73 (citing *Bank of America v. 203 N. LaSalle St. Partnership*, 526 U.S. 434, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999)).  While the Seventh Circuit in *Kmart* affirmed the reversal of the bankruptcy court order allowing the payments to the "critical vendors," it did so because of the failure of the movant to make any evidentiary showing whatsoever not only that the disfavored creditors will be as well off with reorganization as with liquidation but also that the supposedly critical vendors would have ceased deliveries if old debts were left unpaid while the litigation continued.  *Kmart*, 359 F.3d at 873 ("We need not decide whether 363(b)(1) could support payment of some pre-petition debts, because this order was unsound no matter how one reads § 363(b)(1).").

*In re Tropical Sportswear Int'l Corp.*, 320 B.R. 15, 19-20 (Bankr. M.D.Fla. 2005)(the bankruptcy court authorizing the payment of four critical vendors based upon the finding that "the Critical Vendors are absolutely critical to the maintenance of the Debtors' estates.").

Except where an unsecured claim, non-payment of which could impair a debtor's ability to operate, has been accorded priority treatment by Congress and existing senior creditors consent or are clearly provided for, [FN10] a bankruptcy court may order payment of unsecured prepetition claims only under the most extraordinary circumstances.

———————

FN10.  Thus, in the case of payment of CoServ's wage claims, only the Lender (whose cash collateral would be used to pay wage and benefit claims) and professions (accorded priority under Section 507(a)(1) and so entitled to payment ahead of employee claims having priority under Section 507(a)(3) and (4)) could be affected.  All of these persons supported payment of the wage claims.  Later cost claimants (if any) will extend their credit and so create their priority claims under Section 507(a)(1) on notice of prior satisfaction of the junior employee claims.  The Court expresses no opinion regarding payment of Section 507(a)(3) claims in  case commenced involuntarily in which claims entitled to priority under Section 507(a)(2) remain outstanding, though wage claims typically are payable out of necessity as well as by virtue of their priority.

*In re CoServ, L.L.C.*, 273 B.R. 487, 493 n. 10 (Bankr. N.D.Tex. 2002).

In applying these principles to a request to prefer certain creditors a spart of a borrowing agreement, the Court must be guided by practicality and common sense. If the court is satisfied that the debtor will not be able to obtain inventory or labor of the same quality on a timely basis, and that that is critical to survival of the business, the Court must decide whether the granting of preferential treatment to some creditors is a better result than closing the business, or allowing it to die slowly for lack of necessary supplies.

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1  *In re Payless Cashways, Inc.*, 268 B.R. 543, 547 (Bankr. W.D.Mo. 2001).

2       In this circuit, the doctrine of necessity has not been adopted, but in, at least, one case, the

3  Ninth Circuit commented favorably upon payment of pre-petition wages.  In justifying approval of

4  an order allowing cross-collateralization of post- and pre-petition debt, the 9th Circuit relied on the

5  argument that

> Cases have permitted unequal treatment of pre-petition debts when necessary
> for rehabilitation, in such contexts as (i) pre-petition wages to key employees;
> (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to
> providers of unique and irreplaceable supplies; and (iv) peripheral benefits
> under labor contracts.  *See* Ordin, *Case Comment*, *In re Texlon Corporation*,
> 596 F.2d 1092 (2d Cir. 1979): *Finality of Order of Bankruptcy Court*, 54
> Amer.Bankr.L.J. 173, 177 (1980).

11  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1490 (9th Cir. 1987).

12      Using this analytical approach, this Court should approve the payment of pre-petition

13  salaries and taxes because (a) it is necessary to maintain Carefree's workforce so that Carefree's

14  business operations can be maintained and (b) the pre-petition claims to be paid are those entitled

15  to priority as salaries and commission (under 11 U.S.C. § 507(a)(3)) and taxes (under 11 U.S.C. §

16  507(a)(8)).  These are claims which must be paid in full under any plan of reorganization.  *See* 11

17  U.S.C. § 1129(a)(9)(B).

## CONCLUSION

19      Carefree requests an order of this Court granting this motion and authorizing:

20      (a)     the payment of employee salary and wage claims up to $5,000 per employee;

21      (b)     the payment of pre-petition payroll tax claims;

22      (c)     to honor any outstanding payroll checks to employees, if any; and

23      (d)     the payment of employee benefits in the ordinary course of business.

24  / / /

26  / / /

28  / / /

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

1         Pursuant to LR 9021, a proposed form of order is attached hereto as **Exhibit "1."**

2    Dated this 22nd day of October,  2010.

3                      SCHWARTZER & MCPHERSON LAW FIRM

4

5                      By:   /s/   Lenard E. Schwartzer

6                      Lenard E. Schwartzer, Esq.

7                      Jeanette E. McPherson, Esq.

                  Jason A. Imes, Esq.

8                      2850 South Jones Boulevard, Suite 1

                  Las Vegas, Nevada  89146-5308

9                      Proposed Attorneys for Debtor and Debtor in Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

# EXHIBIT "1"

1

2

3

4

5

6  Lenard E. Schwartzer
Nevada Bar No. 0399
7  Jeanette E. McPherson
Nevada Bar No. 5423
8  Jason A. Imes
Nevada Bar No. 7030
9  Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
10  Las Vegas, Nevada  89146-5308
Telephone:  (702) 228-7590
11  Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com
12  Proposed Attorneys for Debtor and Debtor in Possession

13

14                    **UNITED STATES BANKRUPTCY COURT**

15                         **DISTRICT OF NEVADA**

16  In re:                                    Case No. BK-S-10-
                                              Chapter 11
17  **CAREFREE WILLOWS, LLC,**

18                    Debtor.                  **ORDER GRANTING EMERGENCY
                                              MOTION FOR AUTHORITY TO PAY PRE-
19                                            PETITION PAYROLL**

20                                            Hearing Date:
                                              Hearing Time:
21

22        The Emergency Motion for Authority to Pay Pre-Petition Payroll (the "Motion") having

23  come before this court on _____, 2010 pursuant to an order shortening time; the

24  appearances of counsel having been made on the record; the Court having reviewed the Motion,

25  the pleadings and papers on file and having heard the representations of counsel at the time of

26  hearing; and good cause appearing; it is hereby

27        **ORDERED** that the Motion is granted and it is further

28        **ORDERED** that Carefree Willows, LLC is authorized:

order remtn pay payroll

1

1.       to pay employee salary and wage claims up to $5,000 per employee;

2.       to pay prepetition payroll tax claims;

3.       to honor outstanding payroll checks to employees, if any; and

4.       the payment of employee benefits in the ordinary course of business.

Submitted by:


_____
Lenard E. Schwartzer
Jason A. Imes
Schwartzer & McPherson Law Firm
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146-5308
Proposed Attorneys for Debtor and Debtor in Possession


In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____  The court has waived the requirement set forth in LR 9021 (b)(1).

__X__  No party appeared at the hearing or filed an objection to the motion.

_____  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

SCHWARTZER & McPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146-5308
Tel: (702) 228-7590 · Fax: (702) 892-0122

2

order remtn pay payroll